## ANDERSON, et ux v. CITY OF CORAL GABLES.

Circuit Court, Dade County.

September 12, 1955.

William J. Pruitt, Miami, for plaintiffs.

Edward L. Semple, Miami, for defendant.

STANLEY MILLEDGE, Circuit Judge.

The plaintiffs and the class of property owners in Coral Gables for whom the plaintiffs are representatives, attack the validity of ordinance #897 of the city of Coral Gables, which effectuates a change in zoning to which the plaintiffs object.

Whether the change in zoning is wise or foolish is not a question for the court. The only question which I have the duty to decide is whether the ordinance is a valid exercise of municipal power.

The attack is made as though from the standpoint of the owner of the land upon which the zoning changes have been made. An owner might conceivably complain of the ordinance provisions as to the erection of a wall, furnishing police protection, submitting to architectural control of the city, control of lights, etc.

As to non-owners of the tract re-zoned, the ordinance should be treated as though none of these provisions existed. They do not create unreasonable, vague and uncertain standards so far as the plaintiffs are concerned. They are simply added requirements imposed on the owner by the city. As between the plaintiffs and the city, the question, then, is simply whether the city has the power to re-zone.

This proposition answers itself. The plaintiffs do not even challenge the power to re-zone. Indeed, such an attack would destroy the plaintiffs' position, for their case is predicated on the validity of the zoning which existed prior to the enactment of ordinance #897. The power to zone includes the power to re-zone.

Plaintiffs' counsel suggests that the re-zoning is invalid because it constitutes "spot" zoning. It is unnecessary to consider the legal consequences of "spot" zoning for I find that it does not exist in this case.

The argument that the ordinance is invalid because it revokes a dedication for use as streets of land which has never been used for streets, has no substance. It is elementary that a city may vacate streets, even when they are established and in use. No special damage to the plaintiffs is shown in respect to these streets.

It is ordered, adjudged and decreed that ordinance #897 of the city of Coral Gables is, as to the plaintiffs and all others similarly situated, a valid ordinance. Costs are taxed against the plaintiffs.